UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-291 |
| ) | (Phillips/Shirley) |
| DAVID W. TOWNSEND, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter came before the undersigned on September 20, 2006 for a telephone conference regarding a discovery dispute. Participating on behalf of the plaintiff were attorneys David G. Oberdick and Andrew R. Tillman. Participating on behalf of the defendants were attorneys Daniel F. Diffley, Randall L. Allen, and J. Chadwick Hatmaker.

The parties sought the Court's assistance in resolving several issues regarding the plaintiff's damages expert, Mark Gleason. First, the defendants challenge the plaintiff's withholding of communications between the plaintiff and Mr. Gleason on the grounds that these documents are protected by the attorney-client privilege and/or the work product doctrine. Second, the defendants seek to depose Mr. Gleason's assistant, Stephen Thimmons, on the grounds that he has discoverable information regarding the bases of Mr. Gleason's opinions. Finally, the defendants seek to enforce a subpoena served on Mr. Gleason's firm, Gleason & Associates, which subpoena seeks the production of various documents related to Mr. Gleason's expert report. The Court will address each of these issues in turn.

## I. Claims of Privilege

The defendants first contend that the plaintiff and Mr. Gleason have improperly withheld discoverable documents on the basis of attorney-client privilege and/or the work product doctrine. Specifically, the defendants object to the withholding of various email communications by, with, and among the plaintiff and its experts. The defendants argue that there is no attorney-client privilege between the plaintiff's counsel and its testifying expert, and that no privilege applies to protect email communications within Gleason's firm regarding this case.

The defendants further take issue with the plaintiff's assertion that certain documents do not have to be produced because the plaintiff's experts did not rely upon these documents in reaching their conclusions. The defendants argue that this distinction is insignificant, as the defendants have requested all documents that were provided to the experts, not merely the documents that the experts relied upon in reaching their opinions. As such, the defendants argue, none of the documents listed on pages 2 and 3 of the plaintiff's privilege log are protected by the attorney-client privilege or the work product doctrine, and therefore, these documents should be produced.

The plaintiff maintains that the email communications identified in the privilege log are privileged, as they "primarily reflect attorney work product and/or constitute documents that have not been relied upon by Mr. Gleason in his expert opinion." The plaintiff further notes that these same two objections were asserted by the defendant in connection with the plaintiff's discovery of the defendants' experts, and that therefore "the parties have essentially recognized and

confirmed in their own practice that limitations exist on the discovery of experts in this matter . . . ."

With respect to the email communications involving both Mr. Gleason and the plaintiff's representatives, the plaintiff asserts that these communications are protected by the attorney-client privilege. Nevertheless, the plaintiff offers to produce such documents provided that there is not a blanket waiver of privilege associated with such production.

Finally, with respect to the communications regarding Mark Malandro's damage analysis, the plaintiff argues that Mr. Gleason did not rely upon this analysis in making his report. The plaintiff further argues that the Malandro damage analysis was done for settlement purposes and therefore merits further protection on this basis.

The Sixth Circuit recently addressed the applicability of the work product doctrine to communications between counsel and a testifying expert in <u>Regional Airport Authority of Lousiville v. LFG, LLC</u>, 460 F.3d 697 (6th Cir. 2006). In that case, the Sixth Circuit held that Rule 26 of the Federal Rules of Civil Procedure creates a "bright-line rule" mandating the disclosure of all documents and information, including attorney opinion work product, provided to testifying experts. <u>Id.</u> As such, the Court finds the plaintiff's contention that the email communications listed in the privilege log between counsel and Mr. Gleason are protected by the attorney-client privilege or as work product to be without merit. The fact that the defendant may have raised similar objections in the course of responding to the plaintiff's discovery requests is of no consequence; Sixth Circuit precedent requires disclosure of these communications, and they therefore must be produced.

The Court further notes that the inclusion of the plaintiff's employees in these communications does nothing to protect the documents from disclosure on the basis of attorney-client privilege. In fact, the inclusion of these employees may in fact waive the attorney-client privilege. See In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir. 2002) ("As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties.").

The fact that the plaintiff's experts may or may not have "relied" upon Malandro's damage analysis or any other documents is further of no moment. Rule 26 requires a testifying expert to disclose, among other things, a complete statement of all of "the data or other information *considered* by the witness in forming the opinions . . . ." Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). As the 1993 Advisory Committee's Notes to Rule 26 make clear:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – *whether or not ultimately relied upon by the expert* – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

(Emphasis added).

Finally, the Court rejects that Malandro's damage analysis is somehow protected from disclosure because the analysis was performed "for settlement purposes." While such evidence may not necessarily be admissible at trial for such purposes as proving liability or the validity or invalidity of the claim, see Fed. R. Evid 408, such evidence is still discoverable under Rule 26, as it is "relevant to the claim or defense of [a] party . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant

4

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

For these reasons, the Court finds that the plaintiff's claims of attorney-client privilege and attorney work product are not well-founded, and that the withheld documents and communications must be produced.

II. **Deposition of Stephen Thimmons**

Next, the defendants seek to depose Stephen Thimmons, another accountant at Mr. Gleason's firm. For grounds, the defendants argue that Mr. Thimmons performed a substantial portion of the work underlying Mr. Gleason's expert report, including gathering the comparable license agreements and writing the report's first draft. The defendants contend that they are entitled to question Mr. Thimmons regarding the opinions contained in Mr. Gleason's report, as well as various communications that he had with representatives of the plaintiff.

The plaintiff opposes the defendants' request to depose Mr. Thimmons, arguing that a deposition would be unnecessary and a waste of time and money.

During the telephone conference, the plaintiff's counsel indicated that the plaintiff was willing to proffer Mr. Malandro for a second deposition. Counsel argued that this deposition should occur before any deposition of Mr. Thimmons takes place. The Court agrees with the plaintiff, and therefore, the subpoena issued to Stephen Thimmons is **QUASHED**. The defendants may seek leave to depose Mr. Thimmons after the second deposition of Mr. Malandro is taken.

### III. Gleason & Associates Subpoena

The final discovery issue before the Court is the defendant's subpoena to Mr. Gleason's firm seeking the production of documents and a 30(b)(6) witness for deposition. At the discovery conference, the defendants conceded that the Court's ruling on the attorney-client privilege and work product issues obviated the need for this subpoena. Accordingly, the Gleason & Associates subpoena shall be **QUASHED** as well.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge